**Exhibit C**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |

**CERTIFICATION REGARDING COMBINED SECOND MONTHLY, FIRST INTERIM AND FINAL APPLICATION OF RICHARDS, LAYTON & FINGER, P.A. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE COMBINED MONTHLY PERIOD FROM DECEMBER 1, 2024 TO MARCH 21, 2025 AND THE INTERIM AND FINAL PERIODS FROM JUNE 19, 2024 TO MARCH 21, 2025**

1. I am an attorney admitted to practice in the State of Delaware and before this Court, and a director with the law firm of Richards, Layton & Finger, P.A. ("***RL&F***"). RL&F is a Delaware law firm with an office at One Rodney Square, 920 North King Street, Wilmington, Delaware 19801.

2. I make this certification regarding the *Combined Second Monthly, First Interim and Final Application of Richards, Layton & Finger, P.A. for Allowance Of Compensation for Services Rendered and for Reimbursement of Expenses as Special Litigation Counsel to the Debtors and Debtors in Possession for the Combined Monthly Period From December 1, 2024 to March 21, 2025 and The Interim and Final Periods From June 19, 2024 To March 21, 2025* (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical, LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary, LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy, LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

"**Application**") to certify to certain matters addressed in the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and (II) Granting Related Relief,* entered July 31, 2024 [Docket No. 266] (the "**Interim Compensation Order**").[2]

3. Specifically, I have reviewed the Application, including each Monthly Fee Application relating to the Interim Fee Period covered by the Application, and I hereby certify that such applications comply with the Interim Compensation Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. In addition, I hereby certify that, in accordance with the Interim Compensation Order, and in connection with preparing the Application, RL&F has made a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**U.S. Trustee Guidelines**"). To that end, RL&F specifically responds to certain questions identified in the U.S. Trustee Guidelines as follows:

> Question 1: Did RL&F agree to any variations from, or alternatives to, RL&F's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.
>
> Answer: No.
>
> Question 2: If the fees sought in the Application as compared to the fees budgeted for the time period covered by the Application are higher by 10% or more, did RL&F discuss the reasons for the variation with the client?
>
> Answer: N/A.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Interim Compensation Order.

Question 3:   Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

Answer:   No.

Question 4:   Does the Application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices?

Answer:   The Application includes time and fees related to reviewing or revising time records or preparing, reviewing or revising invoices in connection with the preparation of Applications relating to the Interim Fee Period covered by the Application. RL&F is seeking compensation for approximately 9.2 hours and $3,505.00 in fees with respect to reviewing and revising time records with respect to the preparation of such fee applications.

Question 5:   Does the Application include time for fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

Answer:   No.

Question 6:   Did the Application include any rate increases since retention in these cases:

Answer:   Yes. On January 1, 2025, RL&F, as part of its customary practice, increased the hourly billing rates of its professionals due to a periodic increase

  i.   Did the client agree when retaining RL&F to accept all future rate increases? If not, did RL&F inform the client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

Answer:   The client was notified at the outset of the engagement that RL&F's hourly rates are reviewed and revised from time to time.

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)