# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>The Pet Apothecary LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11192 (TMH)<br><br>**Objection Deadline: May 27, 2025, at 4:00 p.m. (Eastern Time)**<br>**Hearing Date: June 2, 2025, at 10:00 a.m. (Eastern Time)** |

## SUMMARY OF FINAL FEE APPLICATION OF STRETTO, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS ADMINISTRATIVE ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JUNE 7, 2024 THROUGH MARCH 21, 2025

| | |
|---|---|
| Name of applicant: | Stretto, Inc. |
| Authorized to provide professional services to: | Debtors and Debtors in Possession |
| Date of retention: | Order entered July 29, 2024 effective to June 7, 2024 |
| Period for which compensation and reimbursement is sought: | June 7, 2024 through March 21, 2025 |
| Amount of compensation sought as actual, reasonable and necessary: | $19,429.26[2] |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $0.00 |

This is a(n): _____ monthly _____ interim __X__ final application.

The total time expended for fee application preparation is approximately 0.0 hours and the corresponding compensation requested is approximately $0.00.

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is The Pet Apothecary, LLC (6074). The address of the Reorganized Debtor's corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062. On May 2, 2025, the Court entered an order closing the chapter 11 cases of The Pet Apothecary, LLC's debtor affiliates (collectively, the "**Affiliated Debtors**"). A complete list of the Affiliated Debtors, along with their federal tax identification numbers, is available through the Court's CM/ECF electronic case filing system (https://ecf.deb.uscourts.gov/) under Case No. 24-11192, at Docket No. 4.

[2] Listed amount of compensation sought is net of Client Contractual Discount in the amount of $3,428.69.

## Summary of Prior Applications

None.

## Compensation by Project Category

| Project Category | Hours | Fees |
|---|---|---|
| Schedules and Statements | 89.3 | $18,855.95 |
| Solicitation and Tabulation | 17.4 | $4,002.00 |
| Less Client Contractual Discount | | ($3,428.69) |
| **Totals** | **106.7** | **$19,429.26** |

## Compensation by Professional

| Name | Position | Rate | Hours | Total |
|---|---|---|---|---|
| Aileen Daversa | Director | $230.00 | 72.5 | $16,729.75 |
| Ana Galvan | Senior Associate | $200.00 | 14.0 | $2,800.00 |
| Gregory Lesage | Senior Associate | $180.00 | 15.7 | $2,833.20 |
| Alberto Romero | Associate | $110.00 | 4.5 | $495.00 |
| Less Client Contractual Discount | | | | ($3,428.69) |
| **Grand Total** | | | **106.7** | **$19,429.26** |
| **Blended Rate** | | | | **$182.09** |

## Expense Summary

| Expense Category | Expenses |
|---|---|
| None | $0.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>The Pet Apothecary LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11192 (TMH)<br><br>**Objection Deadline: May 27, 2025, at 4:00 p.m. (Eastern Time)**<br>**Hearing Date: June 2, 2025, at 10:00 a.m. (Eastern Time)** |

**FINAL FEE APPLICATION
OF STRETTO, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS
ADMINISTRATIVE ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION
FOR THE PERIOD FROM JUNE 7, 2024 THROUGH MARCH 21, 2025**

By this application (this "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 266] (the "Interim Compensation Order"), Stretto, Inc. ("Stretto") hereby seeks reasonable compensation for professional administrative services rendered to the Debtors in the amount of $19,429.26 during the period commencing June 7, 2024 through and including March 21, 2025 (the "Final Fee Period"). In support of this Application, Stretto respectfully represents as follows:

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is The Pet Apothecary, LLC (6074). The address of the Reorganized Debtor's corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062. On May 2, 2025, the Court entered an order closing the chapter 11 cases of The Pet Apothecary, LLC's debtor affiliates (collectively, the "**Affiliated Debtors**"). A complete list of the Affiliated Debtors, along with their federal tax identification numbers, is available through the Court's CM/ECF electronic case filing system (https://ecf.deb.uscourts.gov/) under Case No. 24-11192, at Docket No. 4.

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Stretto confirms its consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1. A certification pursuant to Local Rule 2016-1(g) is attached hereto as **Exhibit A**.

**Background**

4. On June 7, 2024 (the "Petition Date"), each of the above-captioned debtors (collectively, the "Debtors") filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter 11 cases.

5. On July 31, 2024, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals retained in these chapter 11 cases.

6. On October 17, 2024, the Court entered an order [Docket No. 484] confirming the *Second Amended Joint Chapter 11 Plan of Reorganization of Optio RX, LLC, et al.* [Docket No. 480] (together with all exhibits thereto, and as may be amended, modified or

supplemented, the "Plan"). On March 21, 2025, the Plan became effective in accordance with its terms.

### Stretto's Retention

7. On June 11, 2024, the Court entered an order [Docket No. 27] (the "Notice and Claims Agent Order") authorizing the employment and retention of Stretto as claims and noticing agent to the Debtors effective as of June 7, 2024. On July 29, 2024, the Court entered an order [Docket No. 253] (the "Retention Order") authorizing the employment and retention of Stretto as administrative advisor (in this capacity, the "Administrative Advisor") to the Debtors effective as of June 7, 2024.

8. Under the Retention Order, Stretto is authorized to provide the Debtors with a range of bankruptcy-related administrative services on an as-needed basis pursuant to the Engagement Agreement (as defined in the Retention Order), including, among other things, (a) assisting with the preparation of the Debtors' schedules of assets and liabilities, schedules of executory contracts and unexpired leases and statement of financial affairs; (b) assisting with solicitation, balloting, tabulation and calculation of votes, as well as preparing any appropriate reports required in furtherance of confirmation of any chapter 11 plan; (c) generating an official ballot certification and testifying, if necessary, in support of the ballot tabulation results for any chapter 11 plan(s) in these bankruptcy cases; (d) generating, providing and assisting with claims objections, exhibits, claims reconciliation and related matters; and (e) providing such other claims processing, noticing, solicitation, balloting and administrative services, as may be requested by the Debtors from time to time.

### Relief Requested

9. By this Application, Stretto requests entry of an order (a) allowing, authorizing, and directing payment by the Debtors of compensation in the amount of $19,429.26 for necessary

3

services rendered, and reimbursement of actual and necessary costs in the amount of $0.00 incurred, by Stretto as Administrative Advisor to the Debtors during the Final Fee Period, (b) granting final allowance of such compensation and cost reimbursement amounts, and (c) granting such other and further relief as the Court deems just and proper.

**Compensation Sought and Paid and its Source**

10. All services for which compensation is sought by Stretto herein were performed for or on behalf of the Debtors.

11. Except to the extent of any retainer paid to Stretto, Stretto has neither sought nor received any payment or promises for payment from any source during the Final Fee Period in connection with the matters described in this Application.

12. There is no agreement or understanding between Stretto and any other person, other than affiliates, partners, managers, directors and employees of Stretto, for sharing of the compensation to be received for services rendered to the Debtors in these bankruptcy cases. The fees sought by this Application do not include any fees or expenses that may be payable by the Debtors for services provided by Stretto under the Notice and Claims Agent Order, which provides separate procedures for the payment of such fees and expenses. Furthermore, no fees or expenses sought by this Application have been sought to be paid under the Notice and Claims Agent Order.

**Summary of Services Rendered**

13. Stretto maintains computerized records of the time spent by employees in connection with Stretto's role as Administrative Advisor to the Debtors. A detailed statement of hours spent rendering services to the Debtors in support of the compensation for fees and expenses incurred during the Final Fee Period is attached hereto as **Exhibit B**, which (a) identifies each employee that rendered services in each task category; (b) describes each service such employees

performed; (c) sets forth the number of hours in increments of one-tenth of an hour spent by each employee providing services; and (d) as applicable, lists the particular type of expenses incurred.

**Final Fee Period**

14. Stretto's employees provided 106.7 hours of services as Administrative Advisor to the Debtors during the Final Fee Period with a reasonable value of $19,429.26.

15. The following is a summary by category of the professional services provided by Stretto during the Final Fee Period.

A. **Schedules and Statements** –

    Total Fees:   $16,027.56
    Total Hours:  89.3

16. The services in this category include the preparation and filing of the Debtors' schedules of assets and liabilities and statements of financial affairs, which required collecting data, retrieving documents, and regular communication with the Debtors and their other professionals.

B. **Solicitation and Tabulation** –

    Total Fees:   $3,401.70
    Total Hours:  17.4

17. This category includes work related to the tabulation of Plan votes, including but not limited to: (i) reviewing Plan class descriptions and comparing to claim and schedule records for correct grouping of records for service of voting and non-voting solicitation packages; (ii) receiving, reviewing, and tabulating voted ballots submitted in connection with the Plan; and (iii) preparation of draft voting declaration.

**<u>Compensation Should Be Allowed</u>**

18.     The foregoing services rendered by Stretto as Administrative Advisor to the Debtors during the Final Fee Period were reasonable, necessary, and appropriate to the administration of these bankruptcy cases.

19.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (f)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

20. Stretto submits that the services provided to the Debtors by Stretto during the Final Fee Period were necessary and appropriate given the complexity of these bankruptcy cases, the issues involved, the nature and extent of services provided, and the cost of comparable services outside of bankruptcy. Accordingly, Stretto respectfully submits that approval of the compensation and reimbursement of the expenses sought for the Final Fee Period should be approved.

21. Stretto has reviewed the requirements of Local Rule 2016-1 and believes that this Application complies with such requirements.

## Notice

22. Stretto will provide notice of this Application in accordance with the Interim Compensation Order. No prior request for the relief sought by this Application has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, Stretto respectfully requests entry of an order (a) allowing, authorizing, and directing payment by the Debtors of compensation in the amount of $19,429.26 for necessary services rendered, and reimbursement of actual and necessary costs in the amount of $0.00 incurred, by Stretto as Administrative Advisor to the Debtors during the Final Fee Period, (b) granting final allowance of such compensation and cost reimbursement amounts, and (c) granting such other and further relief as the Court deems just and proper.

Dated: May 5, 2025                            **STRETTO, INC.**
       Irvine, California

                                                /s/ *Brian Karpuk*
                                                Brian Karpuk
                                                410 Exchange, Ste. 100
                                                Irvine, California 92602
                                                Tel: (714) 479-2027
                                                Email: brian.karpuk@stretto.com

                                                *Administrative Advisor for the Debtors and Debtors-in-Possession*