IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Optio Rx, LLC, *et al.*, | Case No. 24-11188 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | Related Docket No. 776 |

**ORDER GRANTING DEBTORS' THIRD (SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTION 502, BANKRUPTCY RULE 3007, AND LOCAL RULE 3007-1**

This matter having come before the Court upon consideration of the *Debtors' Third (Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, And Local Rule 3007-1* (the "**Third Omnibus Objection**");[2] notice of the Third Omnibus Objection having been properly and timely served upon: (i) the claimants listed on **Schedule 1** at the addresses set forth on each claimant's respective proof of claim, (ii) the U.S. Trustee, and (iii) parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002; upon the record of the hearing to consider the relief requested in the Third Omnibus Objection; and, after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) Optio Rx, LLC (8436); (2) Braun Pharma, LLC (6643); (3) Dr. Ike's PharmaCare LLC (2237); (4) Rose Pharmacy SA LLC (5738); (5) Rose Pharmacy SF LLC (1438); (6) Rose Pharmacy RM LLC (4205); (7) Pet Apothecary LLC (4315); (8) Crestview Holdings, LLC (1907); (9) SBH Medical LLC (3260); (10) H&H Pharmacy LLC (6793); (11) Enovex Pharmacy LLC (0693); (12) SMC Pharmacy LLC (5428); (13) SMC Lyons Holdings LLC (5441); (14) Baybridge Pharmacy, LLC (5518); (15) Central Pharmacy, LLC (6195); (16) Pro Pharmacy, LLC (6299); (17) Healthy Choice Compounding LLC (8770); (18) Healthy Choice Compounding LLC (1745); (19) Oakdell Compounding Pharmacy LLC (7537); (20) The Pet Apothecary LLC (6074); (21) Crestview Pharmacy, LLC (8091); (22) SBH Medical, Ltd. (3230); (23) Concierge Pharmacy LLC (5410); (24) Firstcare Pharmacy LLC (1203); (25) Easycare Pharmacy LLC (9408); (26) Primecare Pharmacy LLC (7645); and (27) HCP Pharmacy LLC (5216). The address of the Debtors' corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Third Omnibus Objection.

**THE COURT FINDS AND CONCLUDES THAT:**

A. The Court has jurisdiction over this case under 28 U.S.C. § 1334(b).

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. Due and adequate notice has been given to all parties entitled thereto, and no other or further notice is necessary or required.

D. The Court has reviewed the Third Omnibus Objection and has considered the representations of counsel regarding the relief requested therein.

E. The relief requested in the Third Omnibus Objection is necessary and in the best interests of the Debtors and their estates.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Third Omnibus Objection is GRANTED, as set forth in this Order.

2. The claims listed on **Schedule 1** attached hereto are hereby disallowed in their entirety, or otherwise modified, as set forth on Schedule 1 with respect to each Disputed Claim.

3. The Debtors' claims agent shall amend the claims register maintained in the Debtors' Chapter 11 Cases to conform to this Order.

4. The Debtors' objection to each Disputed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the Claimants subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

5. Any and all rights of the Debtors to amend, supplement, or otherwise modify the Objection and to file additional objections to any and all claims filed in these Chapter 11 Cases,

including, without limitation, any and all of the Disputed Claims, shall be reserved. Any and all rights, claims, and defenses of the Debtors with respect to any and all of the Disputed Claims shall be reserved, and nothing included in or omitted from the Objection is intended or shall be deemed to impair, prejudice, waive, or otherwise affect any rights, claims, or defenses of the Debtors with respect to the Disputed Claims.

6. This Order shall be a final order with respect to each of the Proofs of Claim identified on Schedule 1 annexed hereto, as if each such Proof of Claim had been individually objected to.

7. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall take effect immediately upon entry by the Court.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

*Thomas M. Horan*

**Dated: May 30th, 2025**  
**Wilmington, Delaware**

**THOMAS M. HORAN**  
**UNITED STATES BANKRUPTCY JUDGE**

# SCHEDULE 1
## (BOOKS AND RECORDS)

| NAME OF CLAIMANT | CLAIM NUMBER | CLAIM AMOUNT OR SCHEDULED AMOUNT | MODIFIED CLAIM AMOUNT | REASON FOR DISALLOWANCE OR MODIFICATION |
|---|---|---|---|---|
| 1st Choice HVAC, LLC | 27 | $3,679.90 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| Bonita Pharmaceuticals | 19 | $2,051.88 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| Bonita Pharmaceuticals | 20 | $4,886.99 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| Bonita Pharmaceuticals | 21 | $10,872.99 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| California Department of Health Care Services | 157 | $6,272.58 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |

| NAME OF CLAIMANT | CLAIM NUMBER | CLAIM AMOUNT OR SCHEDULED AMOUNT | MODIFIED CLAIM AMOUNT | REASON FOR DISALLOWANCE OR MODIFICATION |
|---|---|---|---|---|
| Cardinal Health 110, LLC | 80 | $62,047.96 | | This Claim should be disallowed because it was (i) filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records (ii) resolved pursuant to the *Stipulation Between the Debtors and Cardinal Health 110, LLC and Cardinal Health 112, LLC Granting Limited Stay Relief and Permitting Set-off of Credits* [Docket No. 727]; and/or (iii) the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| Cardinal Health 110, LLC | 81 | $18,862.07 | | This Claim should be disallowed because it was (i) filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records (ii) resolved pursuant to the *Stipulation Between the Debtors and Cardinal Health 110, LLC and Cardinal Health 112, LLC Granting Limited Stay Relief and Permitting Set-off of Credits* [Docket No. 727]; and/or (iii) the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| Cardinal Health 110, LLC | 82 | $12,780.23 | | This Claim should be disallowed because it was (i) filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records (ii) resolved pursuant to the *Stipulation Between the Debtors and Cardinal Health 110, LLC and Cardinal Health 112, LLC Granting Limited Stay Relief and Permitting Set-off of Credits* [Docket No. 727]; and/or (iii) the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |

The Debtors reserve the right to object to these claims on any and all grounds.

| NAME OF CLAIMANT | CLAIM NUMBER | CLAIM AMOUNT OR SCHEDULED AMOUNT | MODIFIED CLAIM AMOUNT | REASON FOR DISALLOWANCE OR MODIFICATION |
|---|---|---|---|---|
| Cardinal Health 110, LLC | 88 | $27,120.03 | | This Claim should be disallowed because it was (i) filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records (ii) resolved pursuant to the *Stipulation Between the Debtors and Cardinal Health 110, LLC and Cardinal Health 112, LLC Granting Limited Stay Relief and Permitting Set-off of Credits* [Docket No. 727]; and/or (iii) the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| Cardinal Health 110, LLC | 97 | $437,640.09 | | This Claim should be disallowed because it was (i) filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records (ii) resolved pursuant to the *Stipulation Between the Debtors and Cardinal Health 110, LLC and Cardinal Health 112, LLC Granting Limited Stay Relief and Permitting Set-off of Credits* [Docket No. 727]; and/or (iii) the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| Cardinal Health 110, LLC | 98 | $38,174.05 | | This Claim should be disallowed because it was (i) filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records (ii) resolved pursuant to the *Stipulation Between the Debtors and Cardinal Health 110, LLC and Cardinal Health 112, LLC Granting Limited Stay Relief and Permitting Set-off of Credits* [Docket No. 727]; and/or (iii) the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |

iii

The Debtors reserve the right to object to these claims on any and all grounds.

| NAME OF CLAIMANT | CLAIM NUMBER | CLAIM AMOUNT OR SCHEDULED AMOUNT | MODIFIED CLAIM AMOUNT | REASON FOR DISALLOWANCE OR MODIFICATION |
|---|---|---|---|---|
| Cardinal Health 110, LLC | 100 | $42,473.11 | $41,349.87 | This Claim should be reduced because it was (i) filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records (ii) resolved pursuant to the *Stipulation Between the Debtors and Cardinal Health 110, LLC and Cardinal Health 112, LLC Granting Limited Stay Relief and Permitting Set-off of Credits* [Docket No. 727]; and/or (iii) the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| Consolidated Edison Company of New York, Inc. | 25 | $463.23 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| Consolidated Edison Company of New York, Inc. | 26 | $315.94 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| Consolidated Edison Company of New York, Inc. | 85 | $1,463.08 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| D and D Wholesale Supply – 2091 | 75 | $1,088.56 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |

The Debtors reserve the right to object to these claims on any and all grounds.

| NAME OF CLAIMANT | CLAIM NUMBER | CLAIM AMOUNT OR SCHEDULED AMOUNT | MODIFIED CLAIM AMOUNT | REASON FOR DISALLOWANCE OR MODIFICATION |
|---|---|---|---|---|
| Digital Business Solutions, Inc. | 17 | $1,544.16 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| Dnd Wholesale Supply – 2169 | 76 | $610.80 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| Medimetriks Pharmaceuticals Inc. | 28 | $1,046.23 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| Pharmacy Management LLC | 85 | $34,326.00 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| Spectrum | 69 | $584.47 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| Staples, Inc. | 13 | $556.55 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |

v

The Debtors reserve the right to object to these claims on any and all grounds.

| NAME OF CLAIMANT | CLAIM NUMBER | CLAIM AMOUNT OR SCHEDULED AMOUNT | MODIFIED CLAIM AMOUNT | REASON FOR DISALLOWANCE OR MODIFICATION |
|---|---|---|---|---|
| USI Insurance Services LLC | 23 | $25,527.00 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| Wells Fargo Financial Leasing, Inc. | 29 | $37,458.62 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |
| Wells Fargo Financial Leasing, Inc. | 30 | $11,284.85 | | This Claim should be disallowed because it was filed in an amount exceeding that which the Debtors owe to the claimant according to the Debtors' books and records and/or the claim was paid post-petition in accordance with one of the Debtors' First Day Orders. |

vi

The Debtors reserve the right to object to these claims on any and all grounds.

4917-8742-6084, v. 5