# <u>EXHIBIT 1</u>

## (*Proposed* Order)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| The Pet Apothecary LLC, | Case No. 24-11192 (TMH) |
| Debtors.[1] | **Related Docket Nos. 776 and 844 (from Case No. 24-11188)** |

## ORDER APPROVING STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND DR. RINKU PATEL REGARDING PROOF OF CLAIM NO. 72

Upon consideration of Stipulation by and Between Reorganized Debtors and Dr. Rinku Patel Regarding Proof of Claim No. 72 (the "**Stipulation**"), a copy of which is attached hereto as **Exhibit A**, and upon the record of these Chapter 11 Cases and due deliberation thereon, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.       The Stipulation is APPROVED.

2.       This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Order and the Stipulation.

---

[1]     The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is The Pet Apothecary, LLC (6074). The address of the Reorganized Debtor's corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062. On May 2, 2025, the Court entered an order closing the chapter 11 cases of The Pet Apothecary, LLC's debtor affiliates (collectively, the "**Affiliated Debtors**"). A complete list of the Affiliated Debtors, along with their federal tax identification numbers, is available through the Court's CM/ECF electronic case filing system (https://ecf.deb.uscourts.gov/) under Case No. 24-11192, at Docket No. 4.

# EXHIBIT A

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| The Pet Apothecary LLC, | Case No. 24-11192 (TMH) |
| Debtors.[1] | |

**STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND**
**DR. RINKU PATEL REGARDING PROOF OF CLAIM NO. 72**

This stipulation (the "**Stipulation**") is entered into by and between Optio Rx, LLC and its affiliated debtors (the "**Reorganized Debtors**") and Dr. Rinku Patel ("**Dr. Patel**," and together with the Reorganized Debtor, the "**Parties**"), by and through their respective counsel. The Parties hereby stipulate as follows:

**RECITALS**

**WHEREAS**, on June 7, 2024 (the "**Petition Date**"), Optio Rx, LLC and its affiliates commenced with the United States Bankruptcy Court for the District of Delaware (the "**Court**") voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**");

**WHEREAS**, on June 26, 2024, the Court entered the *Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Administrative Expense Claims Arising Under Section 503(b)(9) of*

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is The Pet Apothecary, LLC (6074). The address of the Reorganized Debtor's corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062. On May 2, 2025, the Court entered an order closing the chapter 11 cases of The Pet Apothecary, LLC's debtor affiliates (collectively, the "**Affiliated Debtors**"). A complete list of the Affiliated Debtors, along with their federal tax identification numbers, is available through the Court's CM/ECF electronic case filing system (https://ecf.deb.uscourts.gov/) under Case No. 24-11192, at Docket No. 4.

*the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* [Docket No. 104]
(the **Bar Date Order**").  Pursuant to the Bar Date Order, the deadline for creditors to file proofs
of claim was August 7, 2024, at 5:00 p.m. (Eastern Time) (the "**General Bar Date**");

WHEREAS, prior to the General Bar Date, on August 2, 2024, Dr. Patel filed a general
unsecured claim in the chapter 11 case of Optio Rx, LLC in the amount of $1,527,074.55 in
connection with alleged unpaid severance, a 2023 annual bonus, and legal fees, of which Dr. Patel
asserted $15,150.00 was entitled to priority under section 507(a)(4) of the Bankruptcy Code
("**Claim No. 72**");

WHEREAS, on October 17, 2024, the Reorganized Debtors filed the *Second Amended Joint
Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 480] (the "**Plan**")  and
on the same date, the Court entered the *Findings of Fact, Conclusions of Law and Order
Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx,
LLC, et al.* [Docket No. 484];

WHEREAS, on March 14, 2025, the Reorganized Debtors filed the *Debtors' Third
(Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy
Rule 3007, and Local Rule 3007-1* [Docket No. 776] (the "**Omnibus Objection**");

WHEREAS, on April 4, 2025, Dr. Patel filed *Dr. Rinku Patel's Opposition to Debtors' Third
(Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy
Rule 3007, and Local Rule 3007-1* [Docket No. 844] (the "**Opposition**");

WHEREAS, on May 2, 2025, the Court entered the *Order and Final Decree Closing Certain
of the Chapter 11 Cases* [Docket No. 870] (the "**Case Closing Order**").  Pursuant to the Case
Closing Order, *inter alia*, the chapter 11 case of The Pet Apothecary LLC, Case No. 24-11192
(TMH) (the "**Remaining Case**") remained open, each of the Reorganized Debtors' other Chapter

- 6 -

11 Cases were closed, and all matters, including any claim objections with respect to claims against the Reorganized Debtors, shall be filed, administered, and adjudicated in the Remaining Case;

WHEREAS, after good faith, arms-length negotiations between the Parties, an agreement was reached with respect to Claim No. 72, the Omnibus Objection, and the Opposition, on the terms and conditions set forth in this Stipulation; and

NOW THEREFORE, in consideration of the foregoing and mutual promises set forth below, the Parties agree as follows:

## AGREEMENT

1.      The recitals set forth above are incorporated herein by reference.

2.      Upon the entry of a final, non-appealable order of the Court approving this Stipulation (the "**Stipulation Effective Date**"), Claim No. 72 shall be reduced and allowed as follows: (a) as a Class 6 general unsecured claim under the Plan in the amount of $1,514,074.55, and (b) as a Class 4 Other Priority Claim under the Plan in the amount of $13,000.00.

3.      The person who executes this Stipulation by or on behalf of each respective party represents and warrants that he or she has been duly authorized and empowered to execute, deliver and perform its obligations under this Stipulation on behalf of such party.

4.      Each of the Parties shall bear its own costs and attorneys' fees incurred in connection with this Stipulation.

5.      This Stipulation is intended by the Parties to be binding upon their successors, agents and assigns, including bankruptcy trustees and estate representatives and any parent, subsidiary and affiliated entity of each party.

6.      Upon the Stipulation Effective Date, except for the obligations set forth in the Stipulation, the Reorganized Debtors, and all parties claiming by, through or under them, including, without limitation, the Reorganized Debtors and the Reorganized Debtors' estates,

- 7 -

Case 24-11192-TMH    Doc 145-1    Filed 08/06/25    Page 7 of 8

jointly and severally release and forever discharge Dr. Patel, including, without limitation, her respective successors, assigns, attorneys and other representatives from any and all claims, controversies, actions, causes of action (including, without limitation, all claims, controversies, actions and causes of action arising under state or federal law including chapter 5 of the Bankruptcy Code), demands, debts, damages, losses, costs, attorneys' fees, expenses, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past or present, in contract, in tort or otherwise, reported or unreported, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether or not now or heretofore known, suspected, or claimed.

7. Upon the Stipulation Effective Date, except for the obligations set forth in this Stipulation, Dr. Patel, on behalf of herself and all parties claiming by, through or under her, hereby release and forever discharge the Reorganized Debtors, the Reorganized Debtors' estates (including any and all predecessors and affiliates), and each of their respective present and former shareholders and its and their respective officers, directors, partners, members, managers, employees, agents, attorneys, and shareholders, and their successors, assigns and other representatives from any and all claims, controversies, actions, causes of action (including, without limitation, all claims, controversies, actions and causes of action arising under state or federal law including chapter 5 of the Bankruptcy Code or regulations), demands, debts, damages, losses, costs, attorneys' fees, expenses, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past or present, in contract, in tort or otherwise, reported or unreported, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether or not now or heretofore known, suspected, or claimed.

8. The Bankruptcy Court shall retain jurisdiction to interpret, enforce, and resolve any disputes arising under or related to this Stipulation. Any motion or application brought before the Bankruptcy Court to resolve any dispute arising under or related to this Stipulation shall be brought

4913-8696-7126, v. 7

on proper notice in accordance with the Bankruptcy Code, Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the District of Delaware.

9.      This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same document.

| **CHIPMAN BROWN CICERO & COLE, LLP** | **GOLDSTEIN & McCLINTOCK LLLP** |
|---|---|
| */s/ Mark D. Olivere*<br>William E. Chipman, Jr. (No. 3818)<br>Mark D. Olivere (No. 4291)<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, Delaware 19801<br>Telephone:  (302) 295-0191<br>Email:  chipman@chipmanbrown.com<br>       olivere@chipmanbrown.com<br><br>*Counsel for the Reorganized Debtors* | */s/ Maria Aprile Sawczuk*<br>Maria Aprile Sawczuk (DE 3320)<br>501 Silverside Road, Suite 65<br>Wilmington, Delaware 19809<br>Telephone:  (302) 444.6710<br>Email:  marias@goldmclaw.com<br><br>*Counsel for Dr. Rinku Patel* |
| Dated:  August 6, 2025 | Dated:  August 6, 2025 |

4913-8696-7126, v. 7