# **EXHIBIT 2**

**Claimant's Proposed Changes to Stipulation**

# Michelle Dero

| | |
|---|---|
| **From:** | Maria Sawczuk <marias@restructuringshop.com> |
| **Sent:** | Tuesday, July 29, 2025 4:49 PM |
| **To:** | Mark Olivere; William Chipman |
| **Subject:** | RE: OptioRx - Response to Claim Objection |
| **Attachments:** | OptioRx - COC Re Patel Claim - with MAS comments.docx |

**CAUTION EXTERNAL EMAIL**

My comments are attached. Thanks!

---

**From:** Mark Olivere <Olivere@chipmanbrown.com>
**Sent:** Monday, July 28, 2025 5:45 PM
**To:** William Chipman <Chipman@chipmanbrown.com>; Maria Sawczuk <marias@restructuringshop.com>
**Subject:** RE: OptioRx - Response to Claim Objection

Maria,

Sorry for the delay.  Attached is the draft stipulation, with the COC and Order for your review and comment.  Thanks.

Mark



Mark D. Olivere | *Partner*
**CHIPMAN BROWN CICERO & COLE, LLP**
302.295.0195 | www.chipmanbrown.com

---

**From:** William Chipman <Chipman@chipmanbrown.com>
**Sent:** Thursday, July 24, 2025 4:25 PM
**To:** Maria Sawczuk <marias@restructuringshop.com>; Mark Olivere <Olivere@chipmanbrown.com>
**Subject:** RE: OptioRx - Response to Claim Objection

We have it drafted – just waiting on client approval to send to you.  Should be today or tomorrow.  Hope all is well.  Bill.



William E. Chipman, Jr. | *Partner*
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza | 1313 N. Market Street, Suite 5400
Wilmington, DE 19801
P: 302.295.0193 | F: 302.295.0199 | chipman@chipmanbrown.com
www.chipmanbrown.com | LinkedIn | vCard

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above.  If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.  To reply to our email administrator directly, please send an email to Info@ChipmanBrown.com.

---

**From:** Maria Sawczuk <marias@restructuringshop.com>
**Sent:** Wednesday, July 23, 2025 8:45 AM

**To:** William Chipman <Chipman@chipmanbrown.com>; Mark Olivere <Olivere@chipmanbrown.com>
**Subject:** RE: OptioRx - Response to Claim Objection

**CAUTION EXTERNAL EMAIL**

Hi Bill and Mark – just circling up on this. Can we get the stipulation done this week? Also, what is the timing for payment?

---

**From:** William Chipman <Chipman@chipmanbrown.com>
**Sent:** Tuesday, July 8, 2025 2:13 PM
**To:** Maria Sawczuk <marias@restructuringshop.com>; Mark Olivere <Olivere@chipmanbrown.com>
**Subject:** RE: OptioRx - Response to Claim Objection

We can prepare a stipulation resolving the objection.



William E. Chipman, Jr. | *Partner*
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza | 1313 N. Market Street, Suite 5400
Wilmington, DE 19801
P: 302.295.0193 | F: 302.295.0199 | chipman@chipmanbrown.com
www.chipmanbrown.com | LinkedIn | vCard

*The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to Info@ChipmanBrown.com.*

---

**From:** Maria Sawczuk <marias@restructuringshop.com>
**Sent:** Tuesday, July 8, 2025 1:21 PM
**To:** William Chipman <Chipman@chipmanbrown.com>; Mark Olivere <Olivere@chipmanbrown.com>
**Subject:** RE: OptioRx - Response to Claim Objection

**CAUTION EXTERNAL EMAIL**

Good afternoon, Bill – hope you had a wonderful holiday weekend.

Will you be sending us a stipulation to resolve the claim?
My client wants the funds sent to my IOLTA account, or if you're sending a check, have it made out to my firm's IOLTA. Will that work for you?

Let me know the timing – thanks!

---

**From:** William Chipman <Chipman@chipmanbrown.com>
**Sent:** Thursday, July 3, 2025 3:53 PM
**To:** Maria Sawczuk <marias@restructuringshop.com>; Mark Olivere <Olivere@chipmanbrown.com>
**Subject:** RE: OptioRx - Response to Claim Objection

Offer accepted – we have a deal – Happy 4th. Bill.



William E. Chipman, Jr. | *Partner*
CHIPMAN BROWN CICERO & COLE, LLP
Hercules Plaza | 1313 N. Market Street, Suite 5400
Wilmington, DE 19801
P: 302.295.0193 | F: 302.295.0199 | chipman@chipmanbrown.com
www.chipmanbrown.com | LinkedIn | vCard

*The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to Info@ChipmanBrown.com.*

**From:** Maria Sawczuk <marias@restructuringshop.com>
**Sent:** Thursday, June 26, 2025 3:49 PM
**To:** William Chipman <Chipman@chipmanbrown.com>; Mark Olivere <Olivere@chipmanbrown.com>
**Subject:** RE: OptioRx - Response to Claim Objection

**CAUTION EXTERNAL EMAIL**

Hey Bill – I'm so sorry but this fell off my radar.

My client would accept $13,000 in final satisfaction of her priority claim. Let me know if we have a deal and can get this past us.

**From:** William Chipman <Chipman@chipmanbrown.com>
**Sent:** Thursday, May 1, 2025 2:04 PM
**To:** Maria Sawczuk <marias@restructuringshop.com>; Mark Olivere <Olivere@chipmanbrown.com>
**Subject:** RE: OptioRx - Response to Claim Objection

Hi Maria,

We are going to further continue the objection as to Patel to the June 2nd Omnibus hearing date – hopefully, we can work something out, but if not, we are going to need to agree on a discovery schedule, etc... Trying to avoid that if we can. Would your client agree to a reduced priority claim (less than $15,500) to be paid in full immediately to avoid litigating the issues? Let me know if there is an amount she would accept. Thanks, and hope all is well. Bill.



William E. Chipman, Jr. | *Partner*
CHIPMAN BROWN CICERO & COLE, LLP
Hercules Plaza | 1313 N. Market Street, Suite 5400
Wilmington, DE 19801
P: 302.295.0193 | F: 302.295.0199 | chipman@chipmanbrown.com
www.chipmanbrown.com | LinkedIn | vCard

*The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to Info@ChipmanBrown.com.*

**From:** Maria Sawczuk <marias@restructuringshop.com>
**Sent:** Friday, April 4, 2025 3:52 PM
**To:** William Chipman <Chipman@chipmanbrown.com>; Mark Olivere <Olivere@chipmanbrown.com>
**Subject:** OptioRx - Response to Claim Objection

**CAUTION EXTERNAL EMAIL**

All:

Attached for service please find *Dr. Rinku Patel's Opposition to Debtors' Third (Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, and Local Rule 3007-1* [DI 844], which was filed this afternoon. Please let me know if you have any difficulties opening the attachment. Have a nice weekend!

Maria Aprile Sawczuk (she/her)
Goldstein & McClintock LLLP
501 Silverside Road, Suite 65
Wilmington, DE 19809
302-444-6710
302-444-6709 (fax)
302-893-5118 (cell)
marias@goldmclaw.com

Atlanta | Boston | Charlotte | Chicago | Detroit | Miami | Milwaukee | New York | Washington, DC | Wilmington, DE

CONFIDENTIALITY NOTICE:  This email message, including attachments, is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product, or exempt from disclosure under applicable law.  This email, including attachments, constitutes non-public information intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient, please delete this email, including attachments, and notify Goldstein & McClintock LLLP, by return mail, email or telephone at 312-337-7700.  The unauthorized use, dissemination, distribution or reproduction of this email, including attachments, is prohibited and may be unlawful.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| The Pet Apothecary LLC, | Case No. 24-11192 (TMH) |
| Debtors.[1] | **Related Docket Nos.** |

### CERTIFICATION OF COUNSEL

I, Mark D. Olivere, counsel to the reorganized debtors (the "**Reorganized Debtors**"), hereby certify as follows to the best of my knowledge, information and belief:

1. On June 7, 2024 (the "**Petition Date**"), Optio Rx, LLC and its affiliates commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2. On June 26, 2024, the Court entered the *Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Administrative Expense Claims Arising Under Section 503(b)(9) of the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* [Docket No. 104] (the **Bar Date Order**"). Pursuant to the Bar Date Order, the deadline for creditors to file proofs of claim was August 7, 2024, at 5:00 p.m. (Eastern Time) (the "**General Bar Date**").

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is The Pet Apothecary, LLC (6074). The address of the Reorganized Debtor's corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062. On May 2, 2025, the Court entered an order closing the chapter 11 cases of The Pet Apothecary, LLC's debtor affiliates (collectively, the "**Affiliated Debtors**"). A complete list of the Affiliated Debtors, along with their federal tax identification numbers, is available through the Court's CM/ECF electronic case filing system (https://ecf.deb.uscourts.gov/) under Case No. 24-11192, at Docket No. 4.

3.      Prior to the General Bar Date, on August 2, 2024, Dr. Rinku Patel ("**Dr. Patel**") filed a general unsecured claim in the chapter 11 case of Optio Rx, LLC in the amount of $1,527,074.55 in connection with alleged unpaid severance, a 2023 annual bonus, and legal fees, of which Dr. Patel asserted $15,150.00 was entitled to priority under section 507(a)(4) of the Bankruptcy Code ("**Claim No. 72**").

4.      On October 17, 2024, the Reorganized Debtors filed the *Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 480] (the "**Plan**") and on the same date, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 484].

5.      On March 14, 2025, the Reorganized Debtors filed the *Debtors' Third (Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, and Local Rule 3007-1* [Docket No. 776] (the "**Omnibus Objection**").

6.      On April 4, 2025, Dr. Patel filed *Dr. Rinku Patel's Opposition to Debtors' Third (Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, and Local Rule 3007-1* [Docket No. 844] (the "**Opposition**").

7.      On May 2, 2025, the Court entered the *Order and Final Decree Closing Certain of the Chapter 11 Cases* [Docket No. 870] (the "**Case Closing Order**"). Pursuant to the Case Closing Order, *inter alia*, the chapter 11 case of The Pet Apothecary LLC, Case No. 24-11192 (TMH) (the "**Remaining Case**") remained open, each of the Reorganized Debtors' other Chapter 11 Cases were closed, and all matters, including any claim objections with respect to claims against the Reorganized Debtors, shall be filed, administered, and adjudicated in the Remaining Case.

8. Subsequent to the filing of the Omnibus Objection, the Reorganized Debtors engaged in discussions with Dr. Patel to consensually resolve Claim No. 72, the Omnibus Objection, and the Opposition. Based on those negotiations, the Parties have reached an agreement to reduce and allow <ins>the priority claim portion of</ins> Claim No. 72 as a Class 4 Other Priority Claim under the Plan in the amount of $13,000.00, pursuant to the terms of the stipulation (the "**Stipulation**") attached as <u>Exhibit A</u> to the proposed order, which is attached hereto as **Exhibit 1** (the "**Proposed Order**").

**WHEREFORE**, the Reorganized Debtors respectfully request that the Court enter the Proposed Order approving the Stipulation at its earliest convenience without further notice or hearing.

Dated: July 29, 2025  
       Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

*/s/ Draft*
_____
William E. Chipman, Jr. (No. 3818)  
David W. Carickhoff (No. 3715)  
Mark D. Olivere (No. 4291)  
Alan M. Root (No. 5427)  
Hercules Plaza  
1313 North Market Street, Suite 5400  
Wilmington, Delaware 19801  
Telephone:     (302) 295-0191  
Email:             chipman@chipmanbrown.com  
                 carickhoff@chipmanbrown.com  
                 olivere@chipmanbrown.com  
                 root@chipmanbrown.com

*Counsel for the Reorganized Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>The Pet Apothecary LLC,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 24-11192 (TMH)<br><br>**Related Docket Nos.** |

### ORDER APPROVING STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND DR. RINKU PATEL REGARDING PROOF OF CLAIM NO. 72

Upon consideration of Stipulation by and Between Reorganized Debtors and Dr. Rinku Patel Regarding Proof of Claim No. 72 (the "**Stipulation**"), a copy of which is attached hereto as **Exhibit A**, and upon the record of these Chapter 11 Cases and due deliberation thereon, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is APPROVED.

2. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Order and the Stipulation.

---

¹ The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is The Pet Apothecary, LLC (6074). The address of the Reorganized Debtor's corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062. On May 2, 2025, the Court entered an order closing the chapter 11 cases of The Pet Apothecary, LLC's debtor affiliates (collectively, the "**Affiliated Debtors**"). A complete list of the Affiliated Debtors, along with their federal tax identification numbers, is available through the Court's CM/ECF electronic case filing system (https://ecf.deb.uscourts.gov/) under Case No. 24-11192, at Docket No. 4.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> The Pet Apothecary LLC, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 24-11192 (TMH) |

**STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND
DR. RINKU PATEL REGARDING PROOF OF CLAIM NO. 72**

This stipulation (the "**Stipulation**") is entered into by and between Optio Rx, LLC and its affiliated debtors (the "**Reorganized Debtors**") and Dr. Rinku Patel ("**Dr. Patel**," and together with the Reorganized Debtor, the "**Parties**"), by and through their respective counsel. The Parties hereby stipulate as follows:

**RECITALS**

**WHEREAS**, on June 7, 2024 (the "**Petition Date**"), Optio Rx, LLC and its affiliates commenced with the United States Bankruptcy Court for the District of Delaware (the "**Court**") voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**");

**WHEREAS**, on June 26, 2024, the Court entered the *Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Administrative Expense Claims Arising Under Section 503(b)(9) of*

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is The Pet Apothecary, LLC (6074). The address of the Reorganized Debtor's corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062. On May 2, 2025, the Court entered an order closing the chapter 11 cases of The Pet Apothecary, LLC's debtor affiliates (collectively, the "Affiliated Debtors"). A complete list of the Affiliated Debtors, along with their federal tax identification numbers, is available through the Court's CM/ECF electronic case filing system (https://ecf.deb.uscourts.gov/) under Case No. 24-11192, at Docket No. 4.

*the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* [Docket No. 104] (the **Bar Date Order**"). Pursuant to the Bar Date Order, the deadline for creditors to file proofs of claim was August 7, 2024, at 5:00 p.m. (Eastern Time) (the "**General Bar Date**");

**WHEREAS**, prior to the General Bar Date, on August 2, 2024, Dr. Patel filed a general unsecured claim in the chapter 11 case of Optio Rx, LLC in the amount of $1,527,074.55 in connection with alleged unpaid severance, a 2023 annual bonus, and legal fees, of which Dr. Patel asserted $15,150.00 was entitled to priority under section 507(a)(4) of the Bankruptcy Code ("**Claim No. 72**");

**WHEREAS**, on October 17, 2024, the Reorganized Debtors filed the *Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 480] (the "**Plan**") and on the same date, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 484];

**WHEREAS**, on March 14, 2025, the Reorganized Debtors filed the *Debtors' Third (Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, and Local Rule 3007-1* [Docket No. 776] (the "**Omnibus Objection**");

**WHEREAS**, on April 4, 2025, Dr. Patel filed *Dr. Rinku Patel's Opposition to Debtors' Third (Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, and Local Rule 3007-1* [Docket No. 844] (the "**Opposition**");

**WHEREAS**, on May 2, 2025, the Court entered the *Order and Final Decree Closing Certain of the Chapter 11 Cases* [Docket No. 870] (the "**Case Closing Order**"). Pursuant to the Case Closing Order, *inter alia*, the chapter 11 case of The Pet Apothecary LLC, Case No. 24-11192 (TMH) (the "**Remaining Case**") remained open, each of the Reorganized Debtors' other Chapter

11 Cases were closed, and all matters, including any claim objections with respect to claims against the Reorganized Debtors, shall be filed, administered, and adjudicated in the Remaining Case;

**WHEREAS**, after good faith, arms-length negotiations between the Parties, an agreement was reached with respect to Claim No. 72, the Omnibus Objection, and the Opposition, on the terms and conditions set forth in this Stipulation; and

**NOW THEREFORE**, in consideration of the foregoing and mutual promises set forth below, the Parties agree as follows:

## AGREEMENT

1. The recitals set forth above are incorporated herein by reference.

2. Upon the entry of a final, non-appealable order of the Court approving this Stipulation (the "**Stipulation Effective Date**"), the priority claim portion of Claim No. 72 shall be reduced and allowed as a Class 4 Other Priority Claim under the Plan in the amount of $13,000.00.

3. This Stipulation shall have no effect on the remaining amount of the general unsecured claim contained in Claim No. 72, and all parties reserve their rights with respect to the general unsecured claim asserted by Dr. Patel.

~~3.~~4. The person who executes this Stipulation by or on behalf of each respective party represents and warrants that he or she has been duly authorized and empowered to execute, deliver and perform its obligations under this Stipulation on behalf of such party.

~~4.~~5. Each of the Parties shall bear its own costs and attorneys' fees incurred in connection with this Stipulation.

~~5.~~6. This Stipulation is intended by the Parties to be binding upon their successors, agents and assigns, including bankruptcy trustees and estate representatives and any parent, subsidiary and affiliated entity of each party.

6.7.	Upon the Stipulation Effective Date, except for the obligations set forth in the Stipulation, and except for the reservation of rights contained in paragraph 3 hereof, the Reorganized Debtors, and all parties claiming by, through or under them, including, without limitation, the Reorganized Debtors and the Reorganized Debtors' estates, jointly and severally release and forever discharge Dr. Patel, including, without limitation, her respective successors, assigns, attorneys and other representatives from any and all claims, controversies, actions, causes of action (including, without limitation, all claims, controversies, actions and causes of action arising under state or federal law including chapter 5 of the Bankruptcy Code), demands, debts, damages, losses, costs, attorneys' fees, expenses, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past or present, in contract, in tort or otherwise, reported or unreported, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether or not now or heretofore known, suspected, or claimed.

7.8.	Upon the Stipulation Effective Date, except for the obligations set forth in this Stipulation, and except for the reservation of rights contained in paragraph 3 hereof, Dr. Patel, on behalf of herself and all parties claiming by, through or under her, hereby release and forever discharge the Reorganized Debtors, the Reorganized Debtors' estates (including any and all predecessors and affiliates), and each of their respective present and former shareholders and its and their respective officers, directors, partners, members, managers, employees, agents, attorneys, and shareholders, and their successors, assigns and other representatives from any and all claims, controversies, actions, causes of action (including, without limitation, all claims, controversies, actions and causes of action arising under state or federal law including chapter 5 of the Bankruptcy Code or regulations), demands, debts, damages, losses, costs, attorneys' fees, expenses, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past or present, in contract, in tort or otherwise, reported or unreported, fixed or contingent, accrued

or unaccrued, liquidated or unliquidated, whether or not now or heretofore known, suspected, or claimed.

8.9.   The Bankruptcy Court shall retain jurisdiction to interpret, enforce, and resolve any disputes arising under or related to this Stipulation.  Any motion or application brought before the Bankruptcy Court to resolve any dispute arising under or related to this Stipulation shall be brought on proper notice in accordance with the Bankruptcy Code, Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the District of Delaware.

9.10.   This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same document.

| **CHIPMAN BROWN CICERO & COLE, LLP** | **GOLDSTEIN & MCCLINTOCK LLLP** |
|---|---|
| /s/ Draft<br>William E. Chipman, Jr. (No. 3818)<br>Mark D. Olivere (No. 4291)<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, Delaware 19801<br>Telephone:  (302) 295-0191<br>Email:  chipman@chipmanbrown.com<br>          olivere@chipmanbrown.com<br><br>*Counsel for the Reorganized Debtors* | /s/ Draft<br>Maria Aprile Sawczuk (DE 3320)<br>501 Silverside Road, Suite 65<br>Wilmington, Delaware 19809<br>Telephone:  (302) 444.6710<br>Email:  marias@goldmclaw.com<br><br>*Counsel for Dr. Rinku Patel* |
| Dated:  July 29, 2025 | Dated:  July 29, 2025 |