**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>The Pet Apothecary, LLC,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 24-11192 (TMH)<br><br>(Jointly Administered)<br><br>Hearing date: October 23, 2025 at 10:00 am ET<br>Objection deadline: October 8, 2025 at 4:00 pm ET<br>Related D.I.: 154 and 162 |

**OBJECTION OF PHARMACY MANAGEMENT LLC, ASHOK NAYYAR, JEFFREY KELLY, JONATHAN TUNIS, AND BARRY BEST TO DR. RINKU PATEL'S MOTION TO RESCIND SETTLEMENT AGREEMENT AND / OR MODIFY OR SET ASIDE ORDER APPROVING STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND DR. RINKU PATEL**
<u>**REGARDING PROOF OF CLAIM NO. 72**</u>

Ashok Nayyar, Jeffrey Kelly, Jonathan Tunis, and Barry Best (the "<u>Individual Defendants</u>"), and Pharmacy Management LLC ("<u>Pharmacy Management</u>" and together with the Individual Defendants, the "<u>Defendants</u>"), by and through their undersigned counsel, hereby submit this objection (the "<u>Objection</u>") to *Dr. Rinku Patel's Motion to Rescind Settlement Agreement and / or Modify or Set Aside Order Approving Stipulation By and Between Reorganized Debtors and Dr. Rinku Patel Regarding Proof of Claim No. 72* [D.I. 154] (the "<u>Motion</u>"), seeking to rescind or otherwise set aside that certain *Stipulation By and Between Reorganized Debtors and Dr. Rinku Patel Regarding Proof of Claim No. 72* [TPA D.I. 146-1][2] (the "<u>Settlement Agreement</u>")

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is The Pet Apothecary, LLC (6074). The address of the Reorganized Debtor's corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062. On May 2, 2025, the Court entered an order closing the chapter 11 cases of The Pet Apothecary, LLC's debtor affiliates (collectively, the "<u>Affiliated Debtors</u>"). A complete list of the Affiliated Debtors, along with their federal tax identification numbers, is available through the Court's CM/ECF electronic case filing system (https://ecf.deb.uscourts.gov/) under Case No. 24-11192, at Docket No. 4.

[2] On May 2, 2025, the Court entered the *Order and Final Decree Closing Certain of the Chapter 11 Cases* [D.I. 870]. For purposes of this Objection, [D.I. *] refers to the docket of the cases of Optio Rx, LLC and [TPA D.I. *] refers to the docket of the Reorganized Debtors' cases.

and joinder to the *Objection to Dr. Rinku Patel's Motion to Rescind Settlement Agreement and / or Modify or Set Aside Order Approving Stipulation By and Between Reorganized Debtors and Dr. Rinku Patel Regarding Proof of Claim No. 72* [TPA D.I. 162] (the "Objection"), filed the above-captioned reorganized debtors (the "Reorganized Debtors"). In support of this Objection, the Defendants respectfully state as follows:

## OBJECTION

1. The Defendants hereby join in the Reorganized Debtors' Objection and the arguments made therein. In addition, however, the Defendants find it prudent to alert the Court of the additional context underpinning Dr. Patel's flawed Motion and present some additional related arguments to the Court.

A. The Illinois Action

2. The Motion fails to advise the Court that Dr. Patel filed a parallel motion in the United States District Court for the Northern District of Illinois, styled *Rinku Patel, PharmD v. CBC Pharma Holdco LLC, Pharmacy Management LLC, Ashok Nayyar, and individual, Jeffrey Kelly, an individual, Jonathan Tunis, an individual, Barry Best, an individual*, Case No. 1:24-cv-08110 (SLE) (the "Illinois Action") on September 15, 2025. A copy of the *Plaintiff's Motion to Clarify Bankruptcy Stipulation and to Extend the Deadline for Fact Discovery Close* (the "Illinois Motion") is attached to this Objection as **Exhibit 1**. Throughout the Illinois Motion, Dr. Patel makes identical claims regarding the Settlement Agreement and her understanding thereof as she does throughout the Motion and asks the Illinois District Court to read out the release language of Settlement Agreement.

3. Contemporaneously with Dr. Patel's filing of the Illinois Motion, the Defendants filed a *Motion for a Status Conference and to Stay Discovery*, a copy of which is attached to this

2

Objection as **Exhibit 2**. For the avoidance of doubt, the Defendants reserve all rights, defenses, claims, and other interests with respect to all matters arising out of or related to the ongoing proceedings in the Illinois Action. However, the Defendants note that the parallel motions in both the Illinois Action and in this Court (i.e., the Motion and the Illinois Motion) appear to be nothing more than a bare venue-shopping attempt to see which court is more amiable to the relief requested in each of Dr. Patel's motions. This Court should not countenance such gamesmanship.

B.  Dr. Patel's Involvement in the Chapter 11 Cases

4. Running contrary to Dr. Patel's Motion in this Court (where she professes a lack of understanding regarding the implications of the Settlement Agreement) is the level of activity from her counsel in these chapter 11 cases. From a review of the docket, counsel signing the Motion (who has represented Dr. Patel in connection with this matter since July 2024) made the following seven separate filings during the chapter 11 cases, apart from the Motion and related notices:

- *Dr. Rinku Patel's Response to Debtors' Motion to Enforce the Automatic Stay and for Related Relief* [D.I. 301];

- *Dr. Rinku Patel's Objection to Amended Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [D.I. 359] (the "Plan Objection");

- *Motion and Order for Admission Pro Hac Vice* [D.I. 399];

- *Letter to the Court Regarding Proposed Order Granting the Debtors' Motion to Enforce the Automatic Stay and for Related Relief* [D.I. 404];

- *Dr. Rinku Patel's Motion to Preserve Right to Perform Setoff* [D.I. 412];

- *Certification of Counsel with Respect to Order Granting Dr. Rinku Patel's Motion for Right to Perform Setoff* [D.I. 490]; and

- *Dr. Rinku Patel's Opposition to Debtors' Third (Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, and Local Rule 3007-1* [D.I. 844].

5.  In addition to the myriad arguments raised in the Objection, Dr. Patel's (and her counsel's) advocacy in the Plan Objection undermines any claim for unilateral mistake or excusable neglect.  The Plan Objection is premised almost entirely on objections to the plan injunctions and releases, specifically as to how such injunctions and releases may impact Dr. Patel's Illinois Action against the Defendants.  *See* Plan Obj., ¶¶ 9, 16–28.  For the avoidance of doubt, Dr. Patel filed the Plan Objection on September 3, 2024.  She did not enter into the Settlement Agreement until August 6, 2025—almost a year later.  Notwithstanding Dr. Patel's self-serving affidavit, there can be no question that Dr. Patel, or at the very least, her counsel, understood the scope and consequence of the releases in the Settlement Agreement given that third-party releases were Dr. Patel's primary focus during her involvement in the chapter 11 cases.

6.  Given that Dr. Patel raised concerns regarding the releases of non-debtor third parties in the Plan Objection, it follows that the Settlement Agreement's release of those same parties as part of the consideration for the Debtors' allowance of general unsecured and priority claims in favor of Dr. Patel is clear and straightforward.

7.  Further, in addition to the $1.5 million allowed unsecured claim, Dr. Patel also negotiated an expansive mutual release through the Settlement Agreement against claims that may be brought by the Reorganized Debtors or their estates.  Thus, contrary to her statements in the Motion, Dr. Patel did not settle her claims solely for $13,000 in priority claims against the estates.

C.  The Defendants' Indemnification Rights

8.  Section 5.09 (Indemnification Obligations) of the *Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC* [D.I. 383] (the "Plan") provides:

> Consistent with applicable law, all indemnification provisions in place as of the Effective Date for the Released Parties only (whether in the by-laws, trust agreements, certificates of incorporation or formation, limited liability company agreements, limited partnership agreements, other governance documents, board

resolutions, indemnification agreements, employment contracts or otherwise) for the current and former members of any Governing Body, directors, officers, managers, employees, attorneys, accountants, investment bankers and other professionals of, or acting on behalf of, any of the Debtors, as applicable, shall be reinstated and remain intact, irrevocable, and shall survive the Effective Date on terms no less favorable to such current and former members of any Governing Body, directors, officers, managers, employees, attorneys, accountants, investment bankers, and other professionals of, or acting on behalf of, any of the Debtors than the indemnification provisions in place prior to the Effective Date.

9. Under the plain language of the Plan preserving indemnification rights, Dr. Patel's claim that rescinding the Settlement Agreement preserves the status quo is false. Should this Court or the Illinois court permit Dr. Patel to forum shop her previously released claims against the Defendants, the Defendants reserve all rights to pursue their respective indemnification rights against the Reorganized Debtors and their estates. By extension, rescinding the Settlement Agreement will necessarily cause diminution of estate assets.

## RESERVATION OF RIGHTS

10. Nothing in this Objection is intended to, nor shall be deemed or construed to, be a waiver of any rights, claims, defenses, or other interests the Defendants have or may have arising out of related to the Illinois Action, the Settlement Agreement, or the chapter 11 cases.

**WHEREFORE**, the Defendants join in the Objection and respectfully request that this Court deny the Motion and grant such other relief as the Court may deem just and proper.

[*Remainder of Page Intentionally Left Blank*]

5

Dated: October 8, 2025 **DLA PIPER LLP (US)**

*/s/  Stuart M. Brown*
Stuart M. Brown (4050)
Matthew S. Sarna (6578)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email:  stuart.brown@us.dlapiper.com
            matthew.sarna@us.dlapiper.com

*Counsel to Defendants*