# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE



**Thomas M. Horan**

**United States Bankruptcy Judge**

824 N. Market Street
Wilmington, Delaware
(302) 252-2888

October 22, 2025

**VIA CM/ECF**

William E. Chipman, Jr.
Mark D. Olivere
Chipman Brown Cicero & Cole, LLP
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, DE 19801

Stuart M. Brown
Matthew S. Sarna
DLA Piper LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801

Maria Aprile Sawczuk
Goldstein & McClintock LLP
501 Silverside Road, Suite 65
Wilmington, DE 19809

Re: *In re The Pet Apothecary LLC,* No. 24-11192

Dear Counsel:

    On October 17, 2025, at the request of the parties, I held a status conference regarding the Motion to Rescind Settlement Agreement and/or Modify or Set Aside Order Approving Stipulation By and Between Reorganized Debtors and Dr. Rinku Patel Regarding Proof of Claim No. 72.[1] There have been two objections to the motion. One was filed by the Reorganized Debtors.[2] The other was filed by Pharmacy Management LLC, Ashok Nayyar, Jeffrey Kelly, Jonathan Tunis, and Barry Best.[3]

---

[1] D.I. 154.
[2] D.I. 162.
[3] D.I. 163.

The parties advised me at the status conference that a discovery dispute has arisen. Dr. Patel has withheld from production to the objectors two email communications between Dr. Patel and her attorney. As explained to me at the status conference, the basis of Dr. Patel's objection is "various privileges."[4] While I regret that I did not ask counsel to identify the specific privileges Dr. Patel asserts, based on context I will assume that the operative privilege is the attorney-client privilege. The objectors contend that the email should be produced because of subject matter waiver. The parties requested that I review the email and determine whether they should be produced.

I have considered the parties' arguments, and I have reviewed the email *in camera*. For the reasons set forth below, I will require that the email be produced.

The attorney-client privilege is a common law privilege that protects from disclosure some communications between a client and her counsel. For this privilege to apply, there must be a communication between a lawyer and client that was made in confidence to obtain or provide legal assistance.[5] While the first three elements of that test are satisfied, the email at issue are not subject to the attorney-client privilege because they do not appear to have made to obtain or provide legal assistance. Instead, they relate to the settlement agreement that had already been reached between the parties without seeking or providing any legal advice regarding the settlement agreement. They also address disposition of amounts paid to Dr. Patel under that agreement.

However, even if the email in question is subject to the attorney-client privilege, I would find that the privilege is waived under principles of subject matter or "at issue" waiver. "The Third Circuit has held that a party implicitly waives their attorney-client privilege when it places the legal representation they received directly at issue."[6] For the waiver to apply, the information at issue must relate to the pivotal issue in the current litigation and the need for the material must be compelling.

Here, Dr. Patel has stated in her declaration accompanying the motion that she did not understand that the release language in the settlement agreement would release parties she has sued in an action pending in the United States District Court for the Northern District of Illinois.[7] She also states "[a]t no point did I agree to a general release of all claims in all forums against any non-debtor

---

[4] Tr. Oct. 17, 2025 hearing, 6:19 [D.I. 183].
[5] In re Maxus Energy Corp., 617 B.R. 806, 820 (Bankr. D. Del. 2020).
[6] United States v. Fernandez, No. 19cr84 (EP), 2025 LX 126150, at *5 (D.N.J. June 13, 2025) (citing Emmanouil v. Roggio, 499 F. App'x 195, 201-02 (3d Cir. 2012)).
[7] Declaration of Dr. Rinku Patel in Support of Motion to Rescind Settlement Agreement and/or Modify or Set Aside Order Approving Stipulation By and Between Reorganized Debtors and Dr. Rinku Patel Regarding Proof of Claim No. 72, ¶ 4 [D.I. 154].

parties. Further, I never would have agreed to waive million-dollar claims against nondebtor parties who were uninvolved in the claims objection process for a mere $13,000 payment from the Debtors."[8]

      Dr. Patel's counsel negotiated the settlement agreement with counsel to the Debtors and executed it on Dr. Patel's behalf. The email concerns the settlement agreement. It therefore relates to the central issue that Dr. Patel raises in her declaration and motion – her asserted unilateral mistake regarding the settlement agreement that counsel negotiated and signed. Because it was negotiated and executed by her counsel, communications between Dr. Patel and her counsel have been put directly at issue. There is a compelling reason for the material to be produced. The objectors can test the statements Dr. Patel makes in her declaration and, if warranted, present a case that will aid the court in determining whether to grant the relief requested in the motion.[9]

      Therefore, I am directing Dr. Patel to produce to the objectors the email I reviewed *in camera*. Having ruled that there has been a subject matter waiver to the extent described in this letter, I am hopeful that the parties will be accordingly guided in their discussions of any further assertions of attorney-client privilege that Dr. Patel may assert.

*Thomas M. Horan*

Thomas M. Horan
United States Bankruptcy Judge

---

[8] Id. at ¶ 5.
[9] See Commonwealth Land Title Ins. Co. v. Funk, 2015 WL 3863192, *3, No. N14C-04-199 PRW (Del. Super. Ct. June 17, 2015) (examination of such a communication is appropriate where necessary for a "truthful resolution.").