## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| The Pet Apothecary LLC, | Case No. 24-11192 (TMH) |
| Reorganized Debtor.[1] | **Hearing Date: November 13, 2025, at 11:00 a.m. (ET)**<br>**Objection Deadline: November 6, 2025, at 4:00 p.m. (ET)** |

### REORGANIZED DEBTOR'S MOTION FOR ORDER (I) GRANTING FINAL DECREE AND CLOSING REMAINING OPEN CASE AND (II) TERMINATING CERTAIN CLAIMS AGENT AND NOTICING SERVICES

The above-captioned reorganized debtor (the "**Reorganized Debtor**") hereby files this motion (the "**Motion**"), pursuant to section 350(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order and final decree, substantially in the form attached hereto (the "**Proposed Order**") (i) granting a final decree and closing Case No. 24-11192 (TMH) (the "**Remaining Case**") and (ii) terminating the services of Stretto, Inc. ("**Stretto**") rendered on behalf of the Clerk of the Court under 28 U.S.C. § 156(c) (the "**Official Claims Agent and Noticing Services**").   In support of this Motion, the Reorganized Debtor respectfully states as follows:

---

[1]   The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is The Pet Apothecary, LLC (6074). The address of the Reorganized Debtor's corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062. On May 2, 2025, the Court entered an order closing the chapter 11 cases of The Pet Apothecary, LLC's debtor affiliates (collectively, the "**Affiliated Debtors**"). A complete list of the Affiliated Debtors, along with their federal tax identification numbers, is available through the Court's CM/ECF electronic case filing system (https://ecf.deb.uscourts.gov/) under Case No. 24-11192, at Docket No. 4.

## JURISDICTION, VENUE, AND PREDICATES

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  In the Confirmation Order and the Plan (each, defined below), this Court retained jurisdiction to, among other things, "determine any and all matters that may arise in connection with, relate to or be necessary to execute, implement or consummate, the Plan, the Plan Supplement, the Disclosure Statement, [or] the Confirmation Order" and to "enter any order and/or final decree concluding or closing the Chapter 11 Cases." *See* Plan[2] Art. X (14), (22); Confirmation Order ¶ 35.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief requested in this Motion are sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, Local Rule 3022-1, and the applicable provisions of the Confirmation Order and Plan.

## GENERAL BACKGROUND

3.      On June 7, 2024 (the "**Petition Date**"), Optio Rx, LLC and its affiliates commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the Bankruptcy Code.

4.      On June 11, 2024, the Court entered an order [Docket No. 26] directing the joint administration of the Chapter 11 Cases for procedural purposes under Optio Rx, LLC's case No. 24-11188 (TMH).

---

[2]      *Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 480] (the "**Plan**")

5.      On June 21, 2024, the Office of the United States Trustee for the District of Delaware appointed a creditors' committee in these Chapter 11 Cases [Docket No. 67].  No trustee or examiner has been appointed in the Chapter 11 Cases.

6.      On October 17, 2024, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, et al.* [Docket No. 484] (the "**Confirmation Order**").  The Effective Date occurred on March 21, 2025 [Docket No. 797].

7.      A detailed description of the Reorganized Debtors' and their businesses, including the facts and circumstances giving rise to the Reorganized Debtors' Chapter 11 Cases, is set forth in the *Amended Disclosure Statement Relating to the Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 258] (the "**Disclosure Statement**").[3]

8.      On April 10, 2025, the Reorganized Debtors filed the *Motion for Entry of Order Closing Certain of the Chapter 11 Cases* [Docket No. 852] (the "**Motion**").

9.      On May 2, 2025, the Court entered the *Order Closing Certain of the Chapter 11 Cases* [Docket No. 870] (the "**Final Decree**").  Per the Final Decree, the following Chapter 11 Cases were closed: Optio Rx, LLC; Braun Pharma, LLC; HCP Pharmacy LLC; Pet Apothecary LLC; Crestview Holdings, LLC; Crestview Pharmacy, LLC; Dr. Ike's PharmaCare LLC; Enovex Pharmacy LLC; H&H Pharmacy LLC; SMC Pharmacy LLC; SMC Lyons Holdings LLC; SBH Medical LLC; SBH Medical, Ltd.; Rose Pharmacy RM LLC; Rose Pharmacy SA LLC; Rose Pharmacy SF LLC; Baybridge Pharmacy, LLC; Central Pharmacy, LLC; Pro Pharmacy, LLC; Healthy Choice Compounding LLC; Health Choice Compounding LLC; Oakdell Compounding

---

[3]    Capitalized terms used but otherwise defined in this Motion shall have the meanings set forth in the Disclosure Statement or Plan, as applicable.

Pharmacy LLC; Concierge Pharmacy LLC; Firstcare Pharmacy LLC; Easycare Pharmacy LLC; and Primecare Pharmacy LLC.  The Chapter 11 Case of The Pet Apothecary LLC remained open.

10.     Accordingly, the Court's entry of the Final Decree will conclude the Reorganized Debtor's bankruptcy proceedings and allow the Reorganized Debtor to focus entirely on the continued operation of its reorganized businesses.

11.     As of the date that this Motion is scheduled to be heard by this Court, the Reorganized Debtor expects that there will be no outstanding claims, and there will be no unresolved contested matters, adversary proceedings, or other matters.

**RELIEF REQUESTED**

12.     By this Motion, the Reorganized Debtor requests entry of an Order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (i) granting a final decree and closing Remaining Case and (ii) terminating the Official Claims Agent and Noticing Services of Stretto.

**BASIS FOR RELIEF REQUESTED**

A.     **FINAL DECREE CLOSING THE REMAINING OPEN CASE.**

13.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered, and the court has discharged the trustee, the court shall close the case."  Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements, providing similarly that, "[a]fter the estate is fully administered in a Chapter 11 case, the court must, on its own or on a party in interest's motion, enter a final decree closing the case."  Local Rule 3022-1(a) provides that, "[a] motion for final decree must include a proposed final decree order that orders the closing of the case and identifies in the caption and in the body of the order the case name and case number of each case to be closed under the order."

- 4 -

14.     The term "fully administered" is not defined in the Bankruptcy Code or Bankruptcy Rules.  The Advisory Committee Note to Bankruptcy Rule 3022 sets forth a non-exclusive list of factors to be considered to determine whether a case has been fully administered. These factors are: (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

15.     Courts have affirmed the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

16.     In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated in determining whether to enter a final decree. *See In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R. at 493 (same).

17.     Finally, courts have also noted that entry of a final decree is appropriate to stop the accrual of Section 1930 Fees. *In re Junior Food Mart of Arkansas, Inc.*, 201 B.R. 522, 524 (Bankr. E.D. Ark. 1996) (closing case "in order that no further [Section 1930] [F]ees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of Section 1930 Fees).

18.     This Remaining Case has been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing it. Indeed, under the factors set forth above, this Remaining Case should be closed.  Specifically:

(a)     the Combined Disclosure Statement and Plan was confirmed on October 17, 2024 and became effective on March 21, 2025, and the Confirmation Order was not appealed and thus has become final;

(b)     all claims have been or will be reconciled, objected to, or allowed pursuant to the terms of the Combined Disclosure Statement and Plan;

(c)     the distributions provided for under the Combined Disclosure Statement and Plan have been made or will be made in accordance with the terms of the Combined Disclosure Statement and Plan;

(d)     all motions and applications (other than this Motion and Professional Fee Claims), adversary proceedings, or contested matters in the Remaining Case have been resolved; and

19.     Therefore, all of the factors described above demonstrate that this Remaining Case has been "fully administered."  Moreover, the closing of this Remaining Case will stop the accrual of Section 1930 Fees and, therefore, further supports approval of this Motion. *See, e.g. In re Jr. Food Mart of Arkansas, Inc.*, 201 B.R. at 524; Jay Bee, 207 B.R. at 539.  In addition, all Section 1930 Fees have been paid, will be paid before the hearing on this Motion, or will be paid as and when such fees come due.  As such, closing this Remaining Case complies with Local Rule 3022-1.

20.    For all of the foregoing reasons, the Reorganized Debtor respectfully requests, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, that the Court enter an order granting a final decree closing the Remaining Case.

**B.    TERMINATION OF OFFICIAL CLAIMS AND NOTICING AGENT SERVICES.**

21.    In addition to the foregoing, the Reorganized Debtor requests entry of an order terminating the Official Claims Agent and Noticing Services performed by Stretto pursuant to the *Order Authorizing the Retention and Appointment of Stretto, Inc. as Claims and Noticing Agent* [Docket No. 27] (the "**Retention Order**") and the underlying agreement for services.

22.    Pursuant to Local Rule 2002-1(e)(ix), within twenty-eight (28) days of entry of a final decree, Stretto will forward to the Clerk of the Court an electronic version of all proofs of claim, upload the creditor matrix into CM/ECF, and docket a final claims register.  Stretto also will box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

23.    Pursuant to Local Rule 2002-1(e)(x), within fourteen (14) days after entry of an order terminating the services of the claims agent, Stretto will (i) forward to the Clerk an electronic version of all proofs of claim, (ii) upload the publicly available portions of the creditor matrix into CM/ECF, (iii) forward to the Clerk the sealed portions of the creditor matrix in the format requested by the Clerk, and (iv) docket a final claims register.

24.    The Reorganized Debtor submits that its request to terminate the Services provided by Stretto on the terms described in this Motion complies with the Local Rules and is otherwise appropriate under the circumstances and, therefore, should be approved.

C.    **FINAL REPORT.**

25.    In accordance with Local Rule 3022-1(c), a final report of this Remaining Case is attached hereto as **Exhibit B**.

<u>**NOTICE**</u>

26.    Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney's Office for the District of Delaware, (c) counsel to the DIP Lender, *DLA Piper LLP (US)*, 1201 North Market Street, Suite 2100, Wilmington, Delaware 19801 (Attn: Stuart Brown, Esquire (stuart.brown@dlapiper.com); and (d) any party requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Reorganized Debtor submits that no other or further notice is necessary.

27.    No prior request for the relief sought in this Motion has been made to this Court or to any other court.

## **CONCLUSION**

**WHEREFORE** the Reorganized Debtor respectfully requests entry of the Proposed Order,

substantially in the form attached hereto, granting the relief requested herein and such other and

further relief as the Court may deem just and appropriate.

Dated: October 23, 2025          **CHIPMAN BROWN CICERO & COLE, LLP**
       Wilmington, Delaware


                               */s/ Mark D. Olivere*
                         William E. Chipman, Jr. (No. 3818)
                         Mark D. Olivere (No. 4291)
                         Alison R. Maser (No. 7430)
                         Hercules Plaza
                         1313 North Market Street, Suite 5400
                         Wilmington, Delaware 19801
                         Telephone:     (302) 295-0191
                         Email:          chipman@chipmanbrown.com
                                         olivere@chipmanbrown.com
                                         maser@chipmanbrown.com

                         *Counsel for the Reorganized Debtor*