# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| The Pet Apothecary LLC, | Case No. 24-11192 (TMH) |
| Reorganized Debtors.[1] | |

## NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE TO THE PRINZ LAW FIRM, P.C.

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 45(b)(4) and Fed. R. Bankr. P. 9016, the above-captioned reorganized debtor (the "**Reorganized Debtor**") will serve a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case* on the following:

> *The Prinz Law Firm, P.C.*
> Attn: Kristen E. Prinz, Esquire
> 1 East Wacker Drive, Suite 1800
> Chicago, Illinois 60601

| | |
|---|---|
| Dated: October 24, 2025<br>Wilmington, Delaware | **CHIPMAN BROWN CICERO & COLE, LLP**<br><br>/s/ Mark D. Olivere<br>William E. Chipman, Jr. (No. 3818)<br>Mark D. Olivere (No. 4291)<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, Delaware 19801<br>Telephone: (302) 295-0191<br>Email: chipman@chipmanbrown.com<br>olivere@chipmanbrown.com<br><br>*Counsel for the Reorganized Debtor* |

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is The Pet Apothecary, LLC (6074). The address of the Reorganized Debtor's corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062. On May 2, 2025, the Court entered an order closing the chapter 11 cases of The Pet Apothecary, LLC's debtor affiliates (collectively, the "**Affiliated Debtors**"). A complete list of the Affiliated Debtors, along with their federal tax identification numbers, is available through the Court's CM/ECF electronic case filing system (https://ecf.deb.uscourts.gov/) under Case No. 24-11192, at Docket No. 4.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re The Pet Apothecary LLC, *et al.*,

Debtors.

Case No. 24-11192 (TMH)

(Jointly Administered)

Chapter 11

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: *The Prinz Law Firm, P.C.*, Attn: Kristen E. Prinz, Esquire, 1 East Wacker Drive, Suite 1800, Chicago, Illinois 60601
*(Name of person to whom the subpoena is directed)*

☐ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    *SEE* **ANNEX A AND ATTACHED ORDER**

| PLACE **SEYFARTH SHAW LLP**, 233 South Wacker Drive, Suite 8000, Chicago, Illinois 60606, Attn: James B. Sowka, Esquire (jsowka@seyfarth.com) | DATE AND TIME November 7, 2025, at 4:00 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 24, 2025

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

*/s/ Mark D. Olivere*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing The Pet Apothecary LLC, who issues or requests this subpoena, is: Mark D. Olivere, Esquire, CHIPMAN BROWN CICERO & COLE, LLP, Hercules Plaza, 1313 North Market Street, Suite 5400, Wilmington, DE 19801, olivere@chipmanbrown.com, Tel. (302) 295-0191

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 24-11192-TMH   Doc 187   Filed 10/24/25   Page 3 of 17

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____on (*date*) _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ANNEX A

## DOCUMENTS REQUESTED

### REQUESTS FOR PRODUCTION

1. All Documents and Communications that refer or relate to the Stipulation, including without limitation the negotiation of the Stipulation.

2. All Communications between You and Dr. Patel's Bankruptcy Attorney that refer or relate to the Stipulation.

3. All Communications between You and Dr. Patel that refer or relate to the Stipulation.

4. All Documents (including drafts) and Communications that refer or relate to Dr. Patel's Affidavit, dated September 12, 2025 (Dkt. No. 64-1), filed by You in the Illinois Action.

5. All Documents (including drafts) and Communications that refer or relate to Dr. Patel's Declaration, dated September 23, 2025 (Dkt. No. 154-1), filed by Dr. Patel's Bankruptcy Attorney in the Bankruptcy Case.

### DEFINITIONS

1. Every term in these requests shall be interpreted in the way that gives the broadest possible response permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States Bankruptcy Court for the District of Delaware.

2. "You" means The Prinz Law Firm, P.C. and each of its partners, associates, attorneys, employees, agents, representatives and contractors.

3. "Dr. Patel" means Dr. Rinku Patel, PharmD.

4. "Illinois Action" means the matter pending in the United States District Court for the Northern District of Illinois captioned *Rinku Patel, PharmD v. CBC Pharma Holdco, et al.*, Case No. 24-cv-8110.

5. "Bankruptcy Case" means the chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the District of Delaware captioned *In re: The Pet Apothecary, LLC*, Case No. 24-11192 (TMH).

6. "Bankruptcy Attorney" means the attorneys representing Dr. Patel in connection with the Bankruptcy Case, including without limitation Maria Sawczuk, Esq., and any other attorney at her law firm, Goldstein & McClintock LLLP.

7. "Stipulation" means the stipulation between Dr. Patel and the Reorganized Debtors in this matter, signed by Dr. Patel's counsel and counsel for the Reorganized Debtors, and approved by the United States Bankruptcy Court for the District of Delaware on August 6, 2025 (Dkt. No. 146), a true and correct copy of which is attached hereto as Exhibit 1.

8. "Communication" means the transmittal of information in any form or medium, including electronically, telephonically and face-to-face, whether internally or with other persons.

9. "Document" means all "writings and recordings" as those terms are defined in Fed. R. Evid. 1001 and all "documents or electronically stored information" as those terms are used in Fed. R. Civ. P. 34(a), including Comments to those Rules and case law interpreting those Rules. To the extent not included in those definitions, text messages, instant messages, and messages sent through third-party messaging applications are specifically included in the definition of document.

10. The terms "relate," "related to," or "relating" mean consisting of, referring to, reflecting, or being in any way logically or factually connected with the matter discussed. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. The use of the singular form of any word includes the plural and vice versa.

**GENERAL INSTRUCTIONS**

1. Your responses must follow the Federal Rules of Civil Procedure and the Local Rules of the United States Bankruptcy Court for the District of Delaware.

2. Each request is continuing in nature. If additional information or documents are obtained or discovered or are brought to your attention between the time of responding to these requests and the final disposition of the Stipulation, prompt supplementation of your response is hereby requested.

3. Please set forth any objection with specificity and state whether any responsive materials are being withheld based on that objection in accordance with Fed. R. Civ. P. 34(b)(2)(C). If objection is made only to a portion of any request, please respond to all other portions of the request as to which no objection is raised.

4. If you contend that any of the documents sought are privileged, identify with particularity the basis for the assertion of such claim, including the nature of the privilege asserted and the subject matter to which you claim privilege relates (subject to any other agreement between the parties concerning privilege log contents and preparation). Also provide the date on which the document was produced, transmitted, distributed or otherwise provided, the nature of the document, the title of the document, if any, the sender or author, the recipient, and persons to whom copies were furnished.

5. To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the Document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "REDACTED AS [BASIS FOR PROTECTION]" on the document in an appropriate location that does not obscure the remaining text.

6. Pursuant to Fed. R. Civ. P. 34(b)(1)(C), production of ESI is requested in the following forms, subject to other agreement between the parties on ESI production:

(a) Pdfs, html files, documents generated using any Microsoft Word (or similar word-processing programs), and .msg files (or other email message formats), should be converted to tiff images (300 dpi, GROUP IV, black and white) accompanied by text-searchable txt file containing the file content.

(b) All other files should be produced in native format and accompanied by a text-searchable txt file content.

7. All files must be accompanied by a load file. The following metadata is requested for all ESI produced as applicable: custodian, duplicate custodian, author, date created, date last modified, to, from, cc, bcc, date created, date sent, date last modified, all dates modified, subject, date received, file name, folder, and folder path.

8. If any document (including ESI) was but is no longer in your possession, subject to your control, or in existence, state fully whether it is missing or lost, has been destroyed, has been transferred (voluntarily or involuntarily) to others, or has otherwise been disposed of. In each such instance, explain the circumstances of and authorization for such disposition, and identify the person responsible.

9. In the definitions above, these general instructions, and the requests below, words used in the singular shall include the plural, and words used in the plural shall include the singular. Masculine, feminine, and neuter pronouns shall each be construed to include the others.

- 4 -

- 5 -

10.　　In the definitions above, these general instructions, and the requests below, the conjunctions "and" and "or" shall each be construed to encompass the other (*i.e.*, "and/or").

11.　　If you encounter a purported ambiguity in construing a request, instruction, or definition, please contact undersigned counsel to clarify it, or set forth the matter deemed ambiguous and the construction chosen or used in answering such request.

4928-0707-0069, v. 5

# **EXHIBIT 1**

## (Order)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>The Pet Apothecary LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11192 (TMH)<br><br>**Related Docket Nos. 776 and 844 (from Case No. 24-11188); and Docket No. 145** |

### ORDER APPROVING STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND DR. RINKU PATEL REGARDING PROOF OF CLAIM NO. 72

Upon consideration of Stipulation by and Between Reorganized Debtors and Dr. Rinku Patel Regarding Proof of Claim No. 72 (the "**Stipulation**"), a copy of which is attached hereto as **Exhibit A**, and upon the record of these Chapter 11 Cases and due deliberation thereon, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Stipulation is APPROVED.

2. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and implementation of this Order and the Stipulation.

**Dated: August 6th, 2025**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is The Pet Apothecary, LLC (6074). The address of the Reorganized Debtor's corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062. On May 2, 2025, the Court entered an order closing the chapter 11 cases of The Pet Apothecary, LLC's debtor affiliates (collectively, the "**Affiliated Debtors**"). A complete list of the Affiliated Debtors, along with their federal tax identification numbers, is available through the Court's CM/ECF electronic case filing system (https://ecf.deb.uscourts.gov/) under Case No. 24-11192, at Docket No. 4.

Case 24-11192-TMH    Doc 147-1    Filed 10/28/25    Page 3 of 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>The Pet Apothecary LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-11192 (TMH) |

**STIPULATION BY AND BETWEEN REORGANIZED DEBTORS AND
DR. RINKU PATEL REGARDING PROOF OF CLAIM NO. 72**

This stipulation (the "**Stipulation**") is entered into by and between Optio Rx, LLC and its affiliated debtors (the "**Reorganized Debtors**") and Dr. Rinku Patel ("**Dr. Patel**," and together with the Reorganized Debtor, the "**Parties**"), by and through their respective counsel. The Parties hereby stipulate as follows:

**RECITALS**

**WHEREAS**, on June 7, 2024 (the "**Petition Date**"), Optio Rx, LLC and its affiliates commenced with the United States Bankruptcy Court for the District of Delaware (the "**Court**") voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**");

**WHEREAS**, on June 26, 2024, the Court entered the *Order Pursuant to Bankruptcy Rule 3003(c)(3) and Local Rule 2002-1(e) Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Administrative Expense Claims Arising Under Section 503(b)(9) of*

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is The Pet Apothecary, LLC (6074). The address of the Reorganized Debtor's corporate headquarters is 3701 Commercial Avenue, Suite 14, Northbrook, Illinois 60062. On May 2, 2025, the Court entered an order closing the chapter 11 cases of The Pet Apothecary, LLC's debtor affiliates (collectively, the "**Affiliated Debtors**"). A complete list of the Affiliated Debtors, along with their federal tax identification numbers, is available through the Court's CM/ECF electronic case filing system (https://ecf.deb.uscourts.gov/) under Case No. 24-11192, at Docket No. 4.

*the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* [Docket No. 104] (the **Bar Date Order**"). Pursuant to the Bar Date Order, the deadline for creditors to file proofs of claim was August 7, 2024, at 5:00 p.m. (Eastern Time) (the "**General Bar Date**");

**WHEREAS**, prior to the General Bar Date, on August 2, 2024, Dr. Patel filed a general unsecured claim in the chapter 11 case of Optio Rx, LLC in the amount of $1,527,074.55 in connection with alleged unpaid severance, a 2023 annual bonus, and legal fees, of which Dr. Patel asserted $15,150.00 was entitled to priority under section 507(a)(4) of the Bankruptcy Code ("**Claim No. 72**");

**WHEREAS**, on October 17, 2024, the Reorganized Debtors filed the *Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 480] (the "**Plan**") and on the same date, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization of Optio Rx, LLC, et al.* [Docket No. 484];

**WHEREAS**, on March 14, 2025, the Reorganized Debtors filed the *Debtors' Third (Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, and Local Rule 3007-1* [Docket No. 776] (the "**Omnibus Objection**");

**WHEREAS**, on April 4, 2025, Dr. Patel filed *Dr. Rinku Patel's Opposition to Debtors' Third (Substantive) Omnibus Objection to Claims Pursuant to Bankruptcy Code Section 502, Bankruptcy Rule 3007, and Local Rule 3007-1* [Docket No. 844] (the "**Opposition**");

**WHEREAS**, on May 2, 2025, the Court entered the *Order and Final Decree Closing Certain of the Chapter 11 Cases* [Docket No. 870] (the "**Case Closing Order**"). Pursuant to the Case Closing Order, *inter alia*, the chapter 11 case of The Pet Apothecary LLC, Case No. 24-11192 (TMH) (the "**Remaining Case**") remained open, each of the Reorganized Debtors' other Chapter

11 Cases were closed, and all matters, including any claim objections with respect to claims against the Reorganized Debtors, shall be filed, administered, and adjudicated in the Remaining Case;

**WHEREAS**, after good faith, arms-length negotiations between the Parties, an agreement was reached with respect to Claim No. 72, the Omnibus Objection, and the Opposition, on the terms and conditions set forth in this Stipulation; and

**NOW THEREFORE**, in consideration of the foregoing and mutual promises set forth below, the Parties agree as follows:

## AGREEMENT

1. The recitals set forth above are incorporated herein by reference.

2. Upon the entry of a final, non-appealable order of the Court approving this Stipulation (the "**Stipulation Effective Date**"), Claim No. 72 shall be reduced and allowed as follows: (a) as a Class 6 general unsecured claim under the Plan in the amount of $1,514,074.55, and (b) as a Class 4 Other Priority Claim under the Plan in the amount of $13,000.00.

3. The person who executes this Stipulation by or on behalf of each respective party represents and warrants that he or she has been duly authorized and empowered to execute, deliver and perform its obligations under this Stipulation on behalf of such party.

4. Each of the Parties shall bear its own costs and attorneys' fees incurred in connection with this Stipulation.

5. This Stipulation is intended by the Parties to be binding upon their successors, agents and assigns, including bankruptcy trustees and estate representatives and any parent, subsidiary and affiliated entity of each party.

6. Upon the Stipulation Effective Date, except for the obligations set forth in the Stipulation, the Reorganized Debtors, and all parties claiming by, through or under them, including, without limitation, the Reorganized Debtors and the Reorganized Debtors' estates,

4913-8696-7126, v. 7

jointly and severally release and forever discharge Dr. Patel, including, without limitation, her respective successors, assigns, attorneys and other representatives from any and all claims, controversies, actions, causes of action (including, without limitation, all claims, controversies, actions and causes of action arising under state or federal law including chapter 5 of the Bankruptcy Code), demands, debts, damages, losses, costs, attorneys' fees, expenses, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past or present, in contract, in tort or otherwise, reported or unreported, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether or not now or heretofore known, suspected, or claimed.

7.  Upon the Stipulation Effective Date, except for the obligations set forth in this Stipulation, Dr. Patel, on behalf of herself and all parties claiming by, through or under her, hereby release and forever discharge the Reorganized Debtors, the Reorganized Debtors' estates (including any and all predecessors and affiliates), and each of their respective present and former shareholders and its and their respective officers, directors, partners, members, managers, employees, agents, attorneys, and shareholders, and their successors, assigns and other representatives from any and all claims, controversies, actions, causes of action (including, without limitation, all claims, controversies, actions and causes of action arising under state or federal law including chapter 5 of the Bankruptcy Code or regulations), demands, debts, damages, losses, costs, attorneys' fees, expenses, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past or present, in contract, in tort or otherwise, reported or unreported, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether or not now or heretofore known, suspected, or claimed.

8.  The Bankruptcy Court shall retain jurisdiction to interpret, enforce, and resolve any disputes arising under or related to this Stipulation. Any motion or application brought before the Bankruptcy Court to resolve any dispute arising under or related to this Stipulation shall be brought

on proper notice in accordance with the Bankruptcy Code, Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the District of Delaware.

9. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same document.

| **CHIPMAN BROWN CICERO & COLE, LLP**<br><br>/s/ *Mark D. Olivere*<br>William E. Chipman, Jr. (No. 3818)<br>Mark D. Olivere (No. 4291)<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, Delaware 19801<br>Telephone: (302) 295-0191<br>Email: chipman@chipmanbrown.com<br>olivere@chipmanbrown.com<br><br>*Counsel for the Reorganized Debtors* | **GOLDSTEIN & MCCLINTOCK LLLP**<br><br>/s/ *Maria Aprile Sawczuk*<br>Maria Aprile Sawczuk (DE 3320)<br>501 Silverside Road, Suite 65<br>Wilmington, Delaware 19809<br>Telephone: (302) 444.6710<br>Email: marias@goldmclaw.com<br><br>*Counsel for Dr. Rinku Patel* |
|---|---|
| Dated: August 6, 2025 | Dated: August 6, 2025 |